**Charles E. HILL & Associates, Inc., Plaintiff–Appellant,**

v.

**COMPUSERVE, INC. and COMPU-SERVE INTERACTIVE SERVICES, INC., Defendants–Cross Appellants.**

No. 00–1562.

United States Court of Appeals, Federal Circuit.

May 6, 2002.

Before MICHEL, RADER, and BRYSON, Circuit Judges.

ON PETITION FOR REHEARING

BRYSON, Circuit Judge.

Appellant Charles E. Hill & Associates petitions for rehearing, arguing that the district court improperly changed its claim construction between the *Markman* ruling and the summary judgment decision, and that the change in the claim construction unfairly denied Hill the opportunity to offer evidence that would have demonstrated the existence of a disputed issue of material fact. We do not agree that the district court changed its claim construction, and in any event the issue on which Hill focuses was not the issue on which the district court based its summary judgment ruling.

1. In its *Markman* order, the district court stated that Hill's patent did not include any steps requiring the classification of data. As the court explained, the patent "presumes some sort of classification, but does not limit how that is accomplished." In its summary judgment opinion, the district court responded to an argument made by CompuServe that Hill could not prove infringement unless it could prove that CompuServe's system treated all textual data as variable data and all graphic information as constant data. The district court rejected that argument, noting that "[t]here is no requirement based on the claims or the specification that all constant data should be graphics or image files, and all variable data a text file." The court explained that "the claims do not require that constant data be only one type of information, just

that it be classified as less likely to change than variable data. Correspondingly, variable data does not have to be just one type of information as long as it is data classified as likely to change at any time." The court then concluded: "In light of this teaching, what must be shown is that the accused system classifies data files on the basis of their relative likelihood of changing and then treats those files consistently with the way the Hill Patent treats constant and variable data."

Hill argues that the district court's use of the word "classifies" in the last sentence shows that the court had changed its claim construction to require that the accused system itself sort data into the categories of constant and variable data. We disagree. Read in context, the sentence is best understood to mean that an accused system must treat data as either variable or constant depending on the likelihood that it will change. That interpretation is confirmed by the following paragraphs of the district court's opinion, in which the court repeatedly used the terms "classified" and "classification" not to suggest that the accused system is required to sort data into categories, but rather to describe the differential treatment of constant and variable data. We therefore reject the premise of Hill's argument—that the district court changed its claim construction between its *Markman* order and its summary judgment opinion.

2. Even if Hill were correct in its characterization of the summary judgment opinion as changing the court's claim construction, the asserted change would have no effect on Hill, because the issue on which Hill focuses was not the issue on which the district court granted summary judgment and on which we upheld the district court's summary judgment ruling. As noted above, the district court held that Hill was required to show that the CompuServe system treated constant and varia-

ble data differently based on the likelihood that the data would change. After analyzing the evidence that Hill proffered in the summary judgment proceedings, we concluded that Hill failed to offer evidence creating a genuinely disputed issue of material fact as to that limitation. That is, Hill failed to offer evidence that CompuServe's accused products distinguished between constant and variable data based on the frequency with which the data was likely to change. Thus, even if the district court was inconsistent as to whether the patent claims contained a "classification" limitation, that was not the limitation as to which the court found Hill's evidence insufficient. The alleged change in the court's claim construction therefore had no effect on either the decision of the district court or the decision of this court. Accordingly, we see no reason to alter our judgment in this case.

The petition for rehearing is denied.